## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT D. HAUGHIE                          :

    Plaintiff                              :

    v                                      :               Civil Action No. AW-05-560

ELEANOR G. BOWLES and                      :
ALAN C. GRAVES, D.D.S.
                                           :
    Defendants

o0o

## MEMORANDUM

Pending in this civil rights action are Defendants' Motion to Dismiss (Paper No. 10) and

Motion to Dismiss or for Summary Judgment (Paper No. 21). Plaintiff has filed Responses in

Opposition to both motions.  Papers No. 16 and 23.  Upon review of the papers filed, this Court

finds a hearing in this matter unnecessary.  Local Rule 105.6 (D. Md. 2004).

### Background

Plaintiff claims that in July or August of 2004, he received an upper denture plate that did

not fit him properly.  Paper No. 1 at p. 2.  After Plaintiff filed several sick call slips, he mailed a

letter on September 15, 2004, to Regional Health Care Manager Eleanor Bowles regarding the

denture plate.  *Id*.  Defendant Bowles responded to Plaintiff's letter on October 15, 2004,

informing Plaintiff that the problem noted with his dentures was currently being addressed by

Dr. Graves.  *Id*.  Plaintiff claims that he was reevaluated by another dentist on October 18, 2004,

who opined that the dentures were improperly made and that Plaintiff should be provided with

another set of dentures.  *Id*.  Plaintiff claims that in spite of his numerous requests to have new

dentures made since the October 18, 2004 reevaluation, he has not been provided properly fitting

dentures.  *Id*. at p. 3.  As a result, Plaintiff claims that he is in pain whenever he has the dentures

on and that he is prevented from eating many foods provided at Roxbury Correctional

Institution. *Id.*

Standard of Review

Motion to Dismiss

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled

allegations of the complaint as true and construes the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff. See *Ibarra v. United States*, 120 F.3d 472,

473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported

legal allegations, *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or

conclusory factual allegations devoid of any reference to actual events. *See United Black

Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Motion for Summary Judgment

A motion for summary judgment will be granted only if there exists no genuine issue as

to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56(c); *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v.

Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that

properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see

also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v.

Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181

2

F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no

genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing

*Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable

inferences in favor of and construe the facts in the light most favorable to the non-moving party.

*See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the

burden of proof on a particular claim must factually support each element of his or her claim.

"[A] complete failure of proof concerning an essential element . . . necessarily renders all other

facts immaterial."  *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving

party will have the burden of proof, it is his or her responsibility to confront the motion for

summary judgment with an affidavit or other similar evidence.  *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear
> the burden of proof at trial on a dispositive issue, a summary
> judgment motion may properly be made in reliance solely on the
> "pleadings, depositions, answers to interrogatories, and admissions
> on file."  Such a motion, whether or not accompanied by affidavits,
> will be "made and supported as provided in this rule," and Rule
> 56(e) therefore requires the nonmoving party to go beyond the
> pleadings and by her own affidavits, or by the "depositions,
> answers to interrogatories, and admissions on file," designate
> "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact

issue.'"   *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v.

North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir.

1967)).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a

verdict for that party.  If the evidence is merely colorable, or is not significantly probative,

summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

<u>Eighth Amendment Claim</u>

In order to state an Eighth Amendment constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendants' acts (or failures to act) amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. See*Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregard an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

"'[B]ecause society does not expect that prisoners will have unqualified access to health care,' the objective component of an Eighth Amendment claim based on deprivation of medical attention is satisfied only if the medical need of the prisoner is 'serious.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Hudson v. McMillian*, 503 U. S. 1, 9 (1992)). "[A]n injury or condition is 'serious' only if it is 'life threatening or poses a risk of needless pain or

4

lingering disability if not treated at once.'" *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1096

(N.D. Ill. 1995) (quoting *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)).  In determining

whether an alleged deprivation of medical care amounts to a constitutional violation, courts must

consider the severity of the medical problem, the potential for harm if medical care was denied

or delayed, and whether such harm actually resulted from the lack of medical attention.  *See*

*Burns v. Head Jailor of LaSalle County*, 576 F. Supp. 618, 620 (D.N. Ill. 1984) (citation

omitted).

<u>Analysis</u>

Defendant Graves' Motion to Dismiss asserts that the Complaint and Summons were not

properly served; this Court lacks subject matter jurisdiction over a state-law medical malpractice

claim where there is no diversity of citizenship; and Plaintiff has failed to comply with the

exhaustion requirements of the Prisoner Litigation Reform Act and the Health Claims

Arbitration Act.  Paper No. 10.  In his opposition, Plaintiff asserts that he is not required to

comply with the PLRA requirements for exhaustion inasmuch as Defendant Graves is a private

medical care provider working for the independent health care contractor hired by the State of

Maryland.  Paper No. 11.  Plaintiff also asserts that service of process was proper in this case and

that the Complaint adequately states an Eighth Amendment claim.  *Id.*

Defendant Graves' Motion to Dismiss addresses the merits of Plaintiff's claim and relies

upon submitted medical records in support of the assertion that the claim is, at most, one of

medical malpractice. Paper No. 10.  To the extent that evidence outside of the pleadings is relied

upon, the motion shall be construed as one for summary judgment.  Defendant Bowles' Motion

to Dismiss or for Summary Judgment shall also be construed as a Motion for Summary

Judgment.

Defendants claim that Plaintiff first came to the RCI dental department on January 22, 2003, with upper dentures that were more than seven years old and in bad repair.[1]   Paper No. 10 at p. 3.  Rafael Acosta, D.D.S., recommended that the full upper denture be replaced and submitted a request for the denture. Paper No. 24 at Ex. B.[2]  Dr. Acosta repaired Plaintiff's old upper denture and delivered it to him on February 26, 2003.  *Id.*

Plaintiff made a request to speak with the Chief Dentist regarding approval for a new upper denture.  *Id.*  Pursuant to that request, Defendant Graves evaluated Plaintiff for a replacement denture on June 30, 2003.  *Id.*  Dr. Graves agreed with Dr. Acosta's conclusion that the denture needed to be replaced and requested the replacement on a non-emergent basis.  *Id.*  Plaintiff was seen on four occasions between June 2003, and July 2004, for the purpose of fabricating a replacement denture.  On July 13, 2004, Dr. Acosta inserted Plaintiff's completed, full upper denture, but found that it did not fit properly because of Plaintiff's lower teeth.  *Id.*  In order to alleviate the problem, Dr. Acosta recommended making a partial lower denture for Plaintiff so that the upper denture would not be displaced.  *Id.*  As an interim solution, Dr. Acosta again repaired Plaintiff's old upper denture.  *Id.*  Dr. Graves evaluated Plaintiff for the recommended partial lower denture, but found that Plaintiff did not meet the Division of Correction guidelines to have a partial lower denture made.[3]  *Id.*  On August 6, 2004, Plaintiff

---

[1] Defendant Bowles incorporates by reference the facts as alleged by Defendant Graves.  Paper No. 21 at p. 2.

[2] Exhibits referenced in the Motion to Dismiss (Paper No. 10) were filed separately on February 9, 2006.  Paper No. 24.

[3] Division of Correction Directive (DCD )§ 130-500 permits fabrication of dentures for inmates where there is an absence of premolar occlusion.  At the time of Dr. Graves' evaluation, Plaintiff did not have

was seen again by Dr. Graves for treatment of a cavity in one of his lower teeth. Paper No. 24 at Ex. B,  p. 6.  Dr. Graves recommended that the tooth be extracted and explained to Plaintiff that extraction of the tooth would mean that Plaintiff met the criteria for a partial lower denture. Plaintiff declined to have the tooth pulled and the request for a partial lower denture was not renewed.  Notwithstanding Dr. Graves' evaluation, Plaintiff was sent to yet another dentist, Dr. Hickman, for evaluation as to whether or not he could obtain a partial lower plate.  *Id*. at Ex. B, pp. 8–9.  Dr. Hickman concluded that Plaintiff's new upper denture was properly fabricated and recommended a partial lower plate if approved.  *Id*.

The facts as presented by Defendants are largely undisputed by Plaintif, with the exception of  whether the upper denture replacement was properly made.  Paper No. 23.  Plaintiff asserts that his claim is based on violations of State law as well as constitutional rights violations, but that the complaint is not necessarily filed pursuant to 42 U.S.C. § 1983.  *Id*.

It is clear from the evidence presented that the dental care provided to Plaintiff did not amount to deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Far from ignoring Plaintiff's need for replacement dentures, Defendants made every effort to accommodate Plaintiff. In short, the care provided does not shock the conscience. Accordingly, Plaintiff has failed to allege facts upon which an Eighth Amendment claim might be established.

To the extent that Plaintiff's dentures were improperly made, the claim at most is one of medical malpractice, at most.  A medical malpractice claim is not transformed into a constitutional rights violation simply by virtue of Plaintiff's status as a prisoner.  In addition,

---

that condition.

such a claim does not state a federal claim, but instead is a claim based upon state medical

malpractice law.  Because there is no diversity of citizenship among the parties in this case, this

Court does not have jurisdiction over the negligence claim.[4]  Moreover, Plaintiff does not deny

his failure to comply with the requirements of Maryland's Health Claims Arbitration Act. [5]

Accordingly, Defendants are entitled to summary judgment, which shall be granted by separate

Order which follows.


February 14, 2006                          _____/s/_____
Date                                       Alexander Williams, Jr.
                                           United States District Judge

---

[4] *See* 28 U.S.C. § 1391.

[5]  *See generally* Md. Code Ann., Cts & Jud. Proc., §3-2A-01 *et seq.*, requiring in part presentation of medical malpractice claims to the Health Claims Arbitration Board prior to filing of a complaint in court.